IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID L. TURNER,

Plaintiff,

v.                                                                ORDER

CAPTAIN ANTHONY BONFIGLIO                       23-cv-275-jdp
and SGT. WIERSMA,

Defendants.

---

Plaintiff David L. Turner seeks reconsideration of my order screening his complaint. Turner, who is incarcerated at Columbia Correctional Institution, alleged that prison staff retaliated against him for complaining about their attempts to place him in an unsanitary cell with a suicidal inmate and then deprived him of due process protections in disciplinary proceedings. I granted him leave to proceed on First Amendment retaliation claims but dismissed the rest of his complaint for failing to state claims upon which relief could be granted. Dkt. 11.

Turner has filed a motion for reconsideration of that order, arguing in part that he failed to properly state various claims because he failed to present "complete and extensive legal argument with case law and statutes." Dkt. 12, at 2. That is incorrect. As a litigant proceeding without counsel, Turner wasn't required to plead legal theories, and my task in screening his complaint was to examine the facts he alleged and consider under what legal theories he might state a claim. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). The problem for Turner wasn't that he omitted legal argument; it was that the facts simply didn't support any claims for relief other than his First Amendment retaliation claims.

Turner also discussed further the factual basis for his claims. Even if I considered his motion to include a request to amend his complaint to add these allegations, I would deny it because those allegations do not support new claims for relief. In particular, Turner continues to contend that his due process rights were violated in various disciplinary proceedings. But as I explained in my previous order, he doesn't explain whether he has suffered an "atypical and significant hardship" because of those disciplinary proceedings, which is necessary to support a due process claim. *Sandin v. Conner*, 515 U.S. 472, 483–484 (1995). I infer that Turner has received multiple disciplinary convictions back-to-back that have kept him in segregation for several months, but he doesn't explain whether defendants' alleged due process violations in these separate proceedings are connected in a way that might suggest that his total time spent in segregation should be considered as one single long-term placement that might trigger due process protections. *See Beamon v. Pollard*, 711 F. App'x 794, 795 (7th Cir. 2018) (stating that "135 days in segregation—absent any atypical conditions related to confinement—does not violate the Fourteenth Amendment"); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) (prisoner's confinement in segregation for 240 days may implicate liberty interest). Nor does he explain the harshness of the conditions in segregation, which is another factor in a due process analysis.

Turner has also filed motions to stay the proceedings until his release in September 2024 or alternatively for recruitment of counsel, stating that he lacks experience with legal matters and that his severe back pain makes it difficult for him to complete filings. Dkts. 13 and 25. Plaintiff's main task at present is to respond to defendants' motion for summary judgment on exhaustion grounds. The court has already granted him one extension of that deadline and told him that any further requests for extension must be supported with more

precise details about his condition, his upcoming surgery, or other treatment. Dkt. 24. Turner explains that he is still awaiting an appointment with neurosurgery to discuss his fractured back.

I'll start with Turner's request for counsel. To show that it is appropriate for the court to recruit counsel, a plaintiff must (1) show that he cannot afford a lawyer; (2) provide the names and addresses of at least three lawyers who have declined to represent him in this case; and (3) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *See, e.g., Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). Turner is proceeding without prepayment of the full amount of the filing fee, and he states that he has contacted several lawyers, so he meets the first two requirements.

But I will deny Turner's motions because I am not convinced that this case is too complex for him or that his back injury requires recruitment of counsel. Turner's lack of legal experience is commonplace among the hundreds of unrepresented plaintiffs who file cases in this court every year. Right now his main task is to respond to defendants' motion for summary judgment on exhaustion grounds, which is not a complex task. Turner's complaint and other filings suggest that he should be capable of responding despite his back condition.

Plaintiff's filings also do not support me taking the extreme step of staying the case until September 2024. So I will deny his motions to stay the case. But I will grant him a short extension of his deadline to respond to defendants' motion for summary judgment on exhaustion grounds, as provided in the order below.

ORDER

IT IS ORDERED that:

1. Plaintiff David L. Turner's motion for reconsideration, Dkt. 12, is DENIED.

2. Plaintiff's motions to stay the proceedings, Dkts. 13 and 25, are GRANTED in part. Plaintiff may have until February 16, 2024, to respond to defendants' exhaustion-based summary judgment motion. Defendants may have until February 26, 2024, to file their reply.

3. Plaintiff's motions for recruitment of counsel, Dkts. 13 and 25, are DENIED without prejudice.

Entered January 22, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge