IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID L. TURNER,

                Plaintiff,

v.                                          OPINION and ORDER

CAPTAIN ANTHONY BONFIGLIO                    23-cv-275-jdp
and SGT. WIERSMA,

                Defendants.

---

Plaintiff David L. Turner, proceeding without counsel, is incarcerated at Columbia Correctional Institution. Turner alleges that prison staff retaliated against him for complaining about their attempts to place him in an unsanitary cell with a suicidal inmate. I granted him leave to proceed on First Amendment retaliation claims. Dkt. 11.

Defendants move for summary judgment on the grounds that Turner failed to exhaust his administrative remedies. Dkt. 19. Turner has not yet responded to this motion; instead he seeks to stay the proceedings until his release in September 2024 because severe back pain makes it difficult for him to complete filings and he has impending surgery. Dkt. 27 and Dkt. 29. The court has already granted him two extensions of his deadline to complete the relatively simple task of responding to defendants' exhaustion-based summary judgment motion. Turner's motion for further extension to September isn't compatible with the court's scheduling order including a January 2025 trial date. We've already run into other deadlines; defendants request a stay of their expert-disclosure deadline and the dispositive motions deadline because the exhaustion issue hasn't been resolved. Dkt. 28.

I conclude that it is appropriate to dismiss this case for Turner's failure to prosecute it. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962) (district courts may sua sponte

dismiss an action for failure to prosecute).The court has already given Turner several months to respond to defendants' exhaustion-based summary judgment motion. Even if I considered the rare step of striking and remaking the entire schedule to accommodate Turner's request, he doesn't persuasively show that he will be fit to litigate this case immediately upon his release. Nor does he explain why he brought this case knowing that he would be physically incapable of prosecuting it pending surgery. This dismissal will be without prejudice; I note that Turner still has time to refile this case after he is fit to litigate it; his claims concern incidents in 2023 and there is a three-year statute of limitations for his claims. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (to determine proper statute of limitations for § 1983 actions, "a federal court must adopt the forum state's statute of limitations for personal injury claims."); Wis. Stat. § 893.53 (three-year personal injury statute of limitations).

ORDER

IT IS ORDERED that:

1. Plaintiff David L. Turner's motions for extension of time, Dkt. 27 and Dkt. 29, are DENIED.

2. This case is DISMISSED without prejudice for plaintiff's failure to prosecute it.

3. Defendants' remaining motions are DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered August 12, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge